Daniel, Judge,
 

 after stating the case as above, proceeded: We think it was the duty of
 
 Cook,
 
 as the agent of the relator, to have objected to the justice accepting any surety offered hy
 
 Jarvis,
 
 the defendant in the warrant, who was not good. In relation to this duty, he being then insolvent, became the surety himself; thereby, depriving the relator of the benefit of his execution, or of a good and suificient surety for the stay of it. We think such conduct in
 
 Cook,
 
 under the relation he then sustained to the relator, was evidence of negligence, in endeavoring to collect the money on the judgment, and that the relator has a right to recover, if the facts shall so appear to the jury. The case of
 
 Keck v. Coble
 
 does not militate against this decision. That case turned on different principles and was correctly decided. The judgment of nonsuit should be set aside and a new trial granted.
 

 Per Curiam. — Judgment reversed.